IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
98 OCT 19 PM 3:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| NATIONSCREDIT COMMERCIAL CORP., <br><br> Plaintiff, <br><br> vs. <br><br> THE M/V CRIMSON TIDES, MORE PARTICULARLY DESCRIBED AS A 30-FOOT BAJA 302 BOSS AGC52010G697, HER ENGINES, MORE PARTICULARLY DESCRIBED AS TWO 1997 MERCRUISERS 350 HP 454 MAG BRAVO K024042, HULL, SAILS, TACKLE, APPURTENANCES, TRAILER, MORE PARTICULARLY DESCRIBED AS A 1997 EAGLE C30-82trb, 4JEBC3832V1216952, IN REM, <br><br> Defendants. | CASE NO. CV-98-S-0147-S <br><br> IN ADMIRALTY <br><br> (In Rem) <br><br> ENTERED <br><br> OCT 19 1998 |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Jurisdiction

1. This is a case of admiralty and maritime jurisdiction for enforcement of a maritime lien, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Fed. Rule Civ. P. 9(h), brought pursuant to 46 U.S.C. § 31325 and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

15

## Findings of Fact and Conclusions of Law

2. At all times hereafter mentioned, plaintiff NationsCredit Commercial Corp. ("NationsCredit") was and still is a corporation organized and existing under the laws of a state other than the State of Alabama but authorized to do and doing business within the State of Alabama. (Complaint, ¶ 2).

3. At all times hereafter mentioned, the M/V CRIMSON TIDES, more particularly described as a 30-foot Baja 302 Boss AGC52010G697, her engines, more particularly described as two 1997 Mercruiser 350 HP 454 Mag Bravo K024042, hull, sails, tackle, appurtenances, and trailer, more particularly described as a 1997 Eagle C30-82trb, 4JEBC3832V1216952 (the "*CRIMSON TIDES*") is a maritime vessel that is presently located within the jurisdiction of this Honorable Court. (Complaint, ¶ 3; Retail Installment Contract).

4. Non-party Charles R. Cleveland ("Cleveland") is now deceased but was at the time of his death an individual over the age of nineteen years, whose last known address was within the jurisdiction of this Court. (Complaint, ¶ 4).

5. On or about August 25, 1996, Charles R. Cleveland entered into a Purchase and Installment Sales Agreement ("Retail Installment Agreement") with Airport Marine, Inc. as part of his purchase of the CRIMSON TIDES. Said Retail Installment Agreement was assigned to NationsCredit. Cleveland thereafter by and through his attorney-in-fact executed a First Preferred Ship Mortgage as that term is defined in the Ship Mortgage Act, 46 U.S.C. § 30101-31343. Said Preferred Mortgage

2

granted to NationsCredit Commercial Corp. a one hundred percent (100%) first Preferred Ship Mortgage interest in the CRIMSON TIDES together with all appurtenances, accessories and additions, including, but not limited to, its engines, sails, appurtenances and accessories. (Complaint, ¶ 5; Affidavit of Rod Lewis, ¶ 3; Retail Installment Agreement ; and, Preferred Mortgage). Cleveland is in default of said Retail Installment Agreement and Preferred Mortgage having failed to make timely payments as required and having on demand refused to return possession of the CRIMSON TIDES. (Complaint, ¶ 5; Affidavit of Rod Lewis, ¶ 4). The Retail Installment Agreement and the Preferred Mortgage constitute a maritime lien on the CRIMSON TIDES pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

  6. On or about February 23, 1998, this Court entered an Order directing that the "Notice of Action Against and Arrest" of the M/V CRIMSON TIDES be published in <u>The Birmingham News</u>, a newspaper published in the territorial jurisdiction of the United States District Court for the Northern District of Alabama, for a period of three times per week for two consecutive weeks. Said Notice directed that all persons who may have or claim any interest in said vessel should file a claim for the vessel within ten (10) days of the final publication date. March 13, 1998 was the last publication date of said Notice. (Affidavit of Publication , Leisa Collins). An answer was then required to have been filed by any such claimant(s) within twenty (20) days of the filing of the claim.

7. The aforementioned "Notice of Action Against and Arrest" of the M/V. CRIMSON TIDES was published in The Birmingham News on the following dates: March 2, 4, 6, 9, 11 and 13, 1998. (Affidavit of Collins).

8. Accordingly, any such claim was to be filed on or before March 27, 1998 (ten days after final publication of Notice). Likewise, any answer was due to be filed on or before April 16, 1998 (twenty days after the filing of any such claim).

9. No claim or answer has been filed in the manner prescribed and required by this Court's Order of February 23, 1998.

10. Accordingly, notice having been given according to law and Order of this Court and no claim or answer having been filed, Plaintiff is entitled to the entry of default against the *in rem* Defendant M/V CRIMSON TIDES, as contemplated by Rule 55(a), Fed. R. Civ. P.

11. The *in rem* Defendant is neither an infant nor incompetent person.

12. As of September 9, 1998, there remained an outstanding pay-off balance on the above-referenced account in the amount of $48,036.29 (Affidavit of Rod Lewis, ¶ 5). As of September 9, 1998, further charges in the amount of $4,127.63 in accrued but unpaid interest is also due and owing pursuant to the contract. (Id.) Additionally, NationsCredit has incurred collection fees and expenses in the amount of $3,550.95 as of that same date. (Id.). These sums are all properly due and owing to NationsCredit under the above-referenced Retail Installment Agreement and First Preferred Ship Mortgage. (Id.). The total amount due and owing to NationsCredit as of September

4

9, 1998 under the above-referenced Retail Installment Agreement and First Preferred Ship Mortgage, accordingly, was $55,682.87.

Thus, Plaintiff is entitled to a judgment by default against the *in rem* Defendant M/V CRIMSON TIDES in the amount of $55,682.87, plus interest to accrue at the applicable judgment rate and costs of this action.

Done this 19th day of October, 1998.

_____
C. LYNWOOD SMITH, JR.
U.S. DISTRICT COURT JUDGE

5